**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| CCI SPECTRUM, INC. | § | |
|     Plaintiffs | § | Case No. _____ |
| | § | |
| v. | § | |
| | § | Jury demanded |
| SUNCOAST INFRASTRUCTURE, INC. | § | |
|     Defendants | § | |
| | § | |
| | § | |
| | § | |

## COMPLAINT

Plaintiff, CCI SPECTRUM INC., complains of SUNCOAST INFRASTRUCTURE INC., and for cause of action respectfully shows as follows:

### PARTIES

1. Plaintiff **CCI Spectrum, Inc.** is a Florida corporation with its principal office in Jacksonville, Florida.

2. Defendant **Suncoast Infrastructure Inc.** is a Mississippi corporation with its principal office in Florence, Mississippi. Its registered agent for service of process in Tennessee is National Corporate Research, Ltd., Inc., located at 992 Davidson Dr., Suite B, Nashville, Tennessee 37025-1051. It may also be served by serving its President, Richard Rula, or Vice President, John Causey at 1858 Highway 49 South, Florence, Mississippi, 39073.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), because Plaintiff's claims arise under federal laws relating to patents and unfair

competition.

4.     This Court has personal jurisdiction over the Defendant because it maintains a registered agent in the state of Tennessee.  Furthermore, the defendant transacts business in the state of Tennessee, including offering for sale and the use infringing products in the geographical boundaries of the Western District of Tennessee.

5.     Venue is proper in the Western District of Tennessee pursuant to 28 U.S.C. §§ 1391 and 1400 because the Defendant is subject to personal jurisdiction in this judicial district, the Defendant regularly conducts business in the state of Tennessee and within this judicial district, and because complained acts of patent infringement have been committed by Defendant within this judicial district.

### FACTS

6.     Plaintiff specializes in research, development and sale of patented products and methods for the rehabilitation of wastewater system infrastructure.

7.     Most municipalities maintain wastewater collection systems which are typically built of brick, block or concrete.  These wastewater systems also incorporate manholes which provide personnel easily access to the larger lines of the system.  The wastewater carried in the system can generate hydrogen sulfide gas which is corrosive to the masonry materials, and the system can deteriorate generally due to the effects of age, soil conditions, erosion and so on.  As a result, systems can develop cracks and holes which can leak contaminants into the environment, and which can allow ground water to intrude into the system.  Structurally deteriorated pipes and manholes can ultimately affect the street above the manhole.

8.     The cost of repairing waste water system components is typically much less than

the cost of replacement, and numerous techniques have been developed over the years to repair damaged components. Plaintiff, CCI Spectrum, is the owner of patents which describe technology for rehabilitating system components.

9. Plaintiff, CCI Spectrum, is the owner of the following United States Patents:

| No. | Title | Date Issued |
|---|---|---|
| 5,618,616 | Multi-Layer Liner for Waste Water System Rehabilitation | Apr 8, 1997 |
| 6,706,384 | Liner for Waste Water System Rehabilitation | Mar 16, 2004 |

These patents disclose improvements to technology relating to the rehabilitation or repair of waste water system components such as manholes, sewer pipes and lift stations through the application of spray on liners which give structural integrity and corrosion resistance to deteriorated waste water system components.

10. Defendant Suncoast Infrastructure makes, uses and sells, or attempts to make, use, sell, or otherwise provide throughout the United States and within the geographical area covered by the United States District Court for the Western District of Tennessee, products which utilize the technology described by claims in the '616 and '384 patents.

11. Specifically, the defendants made, used, sold and offered for sale infringing products to the City of Ripley, Tennessee and to the city of Richland, Mississippi.

**CLAIM FOR INFRINGEMENT OF THE '616 PATENT**

12. Plaintiffs incorporate the foregoing paragraphs by reference as if fully set forth below.

13. On April 8, 1997 the '616 Patent was issued describing technology for a multi-layer liner for wastewater system rehabilitation. Plaintiff owned the patent throughout the period

of the defendant's infringing acts.

14. The defendants have infringed and '616 patent by making, selling and using techniques and devices for rehabilitating or repairing waste water system components that embody the patented invention.

15. The Defendant offered for sale or use, or sold or used these products without license or authority from the Plaintiff.

16. Plaintiff alleges upon information and belief that the acts of infringement by the defendants are willful, making this an exceptional case under 35 U.S.C. § 285.

17. Upon information and belief, Plaintiff further alleges that the actions of the Defendant has resulted in substantial lost profits to the Plaintiff, and substantial unjust profit and enrichment to the Defendant, all in amounts yet to be determined.

## CLAIM FOR INFRINGEMENT OF THE '384 PATENT

18. Plaintiffs incorporate the foregoing paragraphs by reference as if fully set forth below.

19. On March 16, 2004 the '384 Patent was issued describing technology for a spray applied, multi-layer liner for waste water system rehabilitation. Plaintiff owned the patent throughout the period of the Defendant's infringing acts and still owns the patent.

20. The Defendant has infringed and is still infringing the '384 patent by making, selling and using techniques and devices for rehabilitating or repairing waste water system components that embody the patented invention, and the Defendant will continue to do so unless enjoined by this court.

21. The Defendant is offering for sale or use, or selling or using these products

without license or authority from the Plaintiff.

22. Plaintiff alleges, upon information and belief, that the acts of infringement by the Defendant is willful, making this an exceptional case under 35 U.S.C. § 285.

23. Upon information and belief, Plaintiff further alleges that the actions of the Defendant has resulted in substantial lost profits to the plaintiff, and substantial unjust profits and enrichment to the Defendant, all in amounts yet to be determined.  Defendant's acts of infringement have caused irreparable harm to the Plaintiff and will continue to do so unless enjoined by the Court.

## DAMAGES

24. As a result of Defendant's infringement, Plaintiff has suffered actual and consequential damages, however, Plaintiff does not yet know the full extent of such damages and such extent cannot be ascertained except through discovery and special accounting.  To the fullest extent permitted by law, Plaintiff seeks recovery of damages for lost profits, reasonable royalties, unjust enrichment, and benefits received by the Defendant as a result of using the misappropriated technology.  Plaintiff seeks any other damages to which they may be entitled in law or in equity.

25. Defendant's infringement was committed intentionally, knowingly, and with callous disregard of Plaintiff's legitimate rights.  Plaintiff is therefore entitled to, and now seeks to recover exemplary damages in an amount not less than the maximum amount permitted by law.

## ATTORNEY FEES

26. Plaintiff is entitled to recover reasonable and necessary attorneys fees under applicable law.

## CONDITIONS PRECEDENT

27. All conditions precedent to plaintiffs' right to recover as requested herein have occurred or been satisfied.

## JURY DEMAND

28. Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, CCI Spectrum, Inc. ask that Defendant, Suncoast Infrastructure Inc. be cited to appear and answer and, on final trial, that Plaintiff have judgment against Defendant for the following:

   a. Actual economic damages;
   b. Exemplary treble damages as allowed by law;
   c. Permanent injunction;
   d. Attorney fees;
   e. Pre-judgment and post-judgment interest as allowed by law;
   f. Costs of suit; and
   g. All other relief in law or in equity to which Plaintiff may show itself justly entitled.

Respectfully submitted,

_____
W. Shawn Staples ▪ Tx Bar No. 00788457
Stanley Frank & Rose
7026 Old Katy Rd., Suite 259
Houston, Texas 77024
Tel: 713-980-4381 ▪ Fax: 713-980-1179
wsstaples@stanleylaw.com

Of Counsel:

Dan M. Norwood (TN Bar No. 05926)
Norwood & Atchley
266 South Front St., Suite 206
Memphis, TN 38103-3803
Tel: 901-528-8300
dannorwood@nhalaw.com

Attorneys for Plaintiff,
CCI SPECTRUM, INC.